UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDON DEDVUKAJ and KATHY
DEDVUKAJ,

        Plaintiffs,

v.                                   Case No. 09-11538

ERIC HOLDER, JR., Attorney General;       Honorable Patrick J. Duggan
JANET NAPOLITANO, Secretary,
Department of Homeland Security;
MICHAEL YATES, Deputy Director U.S.
Citizenship and Immigration Services; W.
RALPH BASHAM, Commissioner of U.S.
Customs and Border Patrol; JOHN P.
TORRES, Asst. Secretary of U.S.
Immigration and Customs Enforcement;
MICK DEDVUKAJ, District Director of
U.S. Citizenship and Immigration Services,
Detroit, Michigan,

        Defendants,

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 21, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

      Plaintiffs Lindon Dedvukaj and Kathy Dedvukaj ("Plaintiffs"), through counsel,

filed a Complaint for Declaratory and Injunctive Relief against Defendants on April 24,

2009.  In their Amended Complaint, Plaintiffs challenge the charge against Lindon

Dedvukaj ("Mr. Dedvukaj") when he first arrived at the United States border in October 2000, of being an alien who falsely represented himself to be a citizen of the United States for any purpose or benefit under the Immigration and Nationality Act ("INA") or any other Federal law or statute pursuant to 8 U.S.C. § 212(a)(6)(C)(ii). They ask the Court to declare that the actions of the Department of Homeland Security in finding Mr. Dedvukaj inadmissible pursuant to this charge arbitrary and capricious.

Presently before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction, filed November 3, 2009. Plaintiffs' counsel was served with a copy of Defendants' motion via the Court's Electronic Case Files system on the date the motion was filed. This Court also sent a notice to the parties on November 3, 2009, indicating that the motion to dismiss had been filed and reminding them of the provisions of Eastern District of Michigan Local Rule 7.1, specifically subsection (d) which provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion." (Doc. 7.) Nevertheless, Plaintiffs have not responded to the motion. On January 20, 2010, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to Defendants' motion to dismiss pursuant to Eastern District of Michigan Local Rule 7.1(e)(2). For the reasons that follow, the Court now grants Defendants' motion.

## Factual and Procedural Background

Mr. Dedvukaj is a native and citizen of Montenegro. On October 25, 2000, he attempted to enter the United States at the border in San Ysidro, California, without proper documentation, by representing himself as a United States citizen. He was

2

detained for further questioning and subsequently admitted that he was not a U.S. citizen. Mr. Dedvukaj, however, expressed a fear of harm if returned to his country and therefore he was afforded a "credible fear interview."

An asylum officer thereafter determined that Mr. Dedvukaj had a credible fear of persecution if returned to Montenegro. Mr. Dedvukaj was paroled into the United States, released from detention, and served with a Notice to Appear ("NTA") for removal proceedings before an immigration judge ("IJ") in San Diego, California, where he would have a hearing on his claim for asylum. The NTA, dated November 17, 2000, charged Mr. Dedvukaj with being removable pursuant to (1) INA § 212(a)(6)(C)(ii), 8 U.S.C. § 1182(a)(6)(C)(ii), as an alien who falsely represented himself to be a U.S. citizen for any purpose or benefit under the INA or other federal or state law; and (2) INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, was not in possession of a valid entry document.

At his first appearance in immigration court in San Diego on May 9, 2001, where he was represented by counsel, Mr. Dedvukaj admitted the factual allegations in the NTA and conceded removability. He sought a change of venue to Detroit, Michigan, which the IJ granted.

On May 14, 2002, a master calendar hearing was held before an IJ in Detroit, Michigan, where Mr. Dedvukaj was represented by a new attorney. At this hearing, Mr. Dedvukaj again admitted the allegations in the NTA and conceded removability. A hearing on the merits of his application for asylum was held on September 29, 2004, at which time the IJ denied his application and ordered him removed to Serbia/Montenegro.

By that time, Mr. Dedvukaj had married Kathy Vesnic, now Kathy Dedvukaj ("Mrs. Dedvukaj").

On October 22, 2004, Mr. Dedvukaj appealed the IJ's September 29, 2004 decision. On March 13, 2006, the Board of Immigration Appeals ("BIA") dismissed the appeal. In the interim, in January 2005, Mrs. Dedvukaj filed a Form I-130, Petition for Alien Relative, on behalf of Mr. Dedvukaj, which was approved on February 7, 2006.

On April 12, 2006, Mr. Dedvukaj filed a motion to reopen his removal proceedings in the BIA on the basis of "changed conditions" in Serbia/Montenegro. After the BIA denied the motion, Mr. Dedvukaj voluntarily departed the United States. In May 2007, he filed a Form I-212, Application for Permission to Reapply for Admission Into the United States After Deportation or Removal. The application was denied on June 13, 2007, based on the charge that Mr. Dedvukaj falsely claimed to be a United States citizen when he entered the United States in October 2000. Mr. Dedvukaj's subsequent appeal of the denial was dismissed on August 7, 2008. Plaintiffs then filed this lawsuit.

## Jurisdiction

In their motion to dismiss, Defendants contend that this Court lacks jurisdiction over the case. The Real ID Act of 2005 limits the ability of district courts to review removal orders in immigration cases by providing that:

> Notwithstanding any other provision of law (statutory or non-statutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 [pertaining to district court jurisdiction over mandamus actions] and 1651 [pertaining to the authority of federal courts to issue writs] of such title, a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and*

4

> *exclusive means for judicial review* of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section [pertaining to review of expedited removal orders].

8 U.S.C. § 1252(a)(5) (emphasis added).  The Real ID Act's limitation on district court jurisdiction applies to both direct and indirect challenges to orders of removal.  *Ginters v. Cangemi*, 419 F. Supp. 2d 1124, 1131 (D. Minn 2006); *Nwankoso v. Dep't of Homeland Security*, No. 9:06CV98, 2006 WL 212368, at *1 (N.D.N.Y. Jan. 25, 2006).  Defendants argue that Plaintiffs' present action improperly seeks judicial review of one of the charges under which Mr. Dedvukaj was ordered removed, specifically the charge under 8 U.S.C. § 1182(a)(6)(C)(ii) that he falsely claimed to be a United States citizen.

This Court agrees.  Plaintiffs are seeking a declaratory judgment that the basis for the decision to have Mr. Dedvukaj removed was arbitrary and capricious.  The Court cannot render such a judgment without conducting a judicial review of the immigration proceedings that resulted in the denial of asylum to Plaintiff.  This Court is prohibited from conducting such a review because the Real ID Act provides that "an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal."  8 U.S.C. § 1252(a)(5).  Therefore, Plaintiffs' Complaint must be dismissed for lack of jurisdiction.

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss is **GRANTED**.

s/PATRICK J. DUGGAN

5

UNITED STATES DISTRICT JUDGE

Copies to:
Melanie D. Goldberg, Esq.
Derri T. Thomas, AUSA